1 | Paul R. Kiesel, State Bar No. 119854
*kiesel@kbla.com*
2 | Jeffrey A. Koncius, State Bar No. 189803
*koncius@kbla.com*
3 | Shehnaz M. Bhujwala, State Bar No. 223484
*bhujwala@kbla.com*
4 | E. Glenn Anaiscourt, State Bar No. 246642
*ga@kbla.com*
5 | KIESEL BOUCHER LARSON LLP
8648 Wilshire Boulevard
6 | Beverly Hills, California 90211-2910
Tel:   310-854-4444;
7 | Fax:   310-854-0812

FILED
CLERK, U.S. DISTRICT COURT

MAY 18 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8 | [*Additional counsel listed on signature page*]

9 | Attorneys for Plaintiff SHANT H.
MARDIROSIAN, on behalf of himself
10 | and all others similarly situated

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

13 | SHANT H. MARDIROSIAN, on behalf
of himself and all others similarly
14 | situated,

Case No. CV 12-4342-GHK (Ex)

CLASS ACTION

15 | Plaintiff,

16 | v.

17 | NATIONWIDE CREDIT, INC., A
Georgia Corporation; ALTISOURCE
18 | SOLUTIONS, INC., A Delaware
Corporation; and DOES 1-10, inclusive,

19 |

20 | Defendants.

**COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF**
   1. **INVASION OF PRIVACY IN
      VIOLATION OF
      CALIFORNIA PENAL CODE
      SECTIONS 630 *ET SEQ*.**
   2. **VIOLATION OF COMMON
      LAW RIGHT OF PRIVACY**
   3. **NEGLIGENCE**

**DEMAND FOR JURY TRIAL**

21 |

22 | Plaintiff Shant H. Mardirosian ("Plaintiff"), individually, and on behalf of the

23 | Class of all other, similarly situated persons defined below, demands a trial by jury and

24 | hereby complains and alleges upon information and belief as follows:

25 | **INTRODUCTION**

26 | 1.     This Class Action Complaint challenges the policy and practice of

27 | Defendants Nationwide Credit, Inc., Altisource Solutions, Inc., and DOES 1 through

28 | 10, inclusive (collectively, "Defendants"), who surreptitiously record telephone

1  conversations with California consumers. Defendants' policy and practice violate the

2  rights of consumers under California's Invasion of Privacy Act, California Penal Code

3  Section 630 *et seq.* (the "Privacy Act"), violate the common law right to privacy, and is

4  negligent.

5      2.      California's Constitution enshrines privacy as a protected, inalienable

6  right:

7      *All people* are by nature free and independent and *have inalienable rights.*
       *Among these are* enjoying and defending life and liberty, acquiring,

8      possessing, and protecting property, and *pursuing and obtaining* safety,
       happiness, and *privacy.*

9

10  Cal. Const. art. I, § 1 (emphasis added).

11      3. The common law tort of intrusion into private matters flows from California's

12  Constitution and encompasses unwarranted, sensory intrusions such as eavesdropping,

13  wiretapping, and the surreptitious recording of telephone communications.

14      4.      The Privacy Act enhances and specifically protects the right to privacy by

15  establishing specific protections against unlawful intrusions into private

16  communications, as explained in Penal Code Section 630:

17      The Legislature hereby declares that advances in science and technology
       have led to the development of new devices and techniques for the
       purpose of eavesdropping upon private communications and that the

18      invasion of privacy resulting from the continual and increasing use of such
       devices and techniques has created a serious threat to the free exercise of

19      personal liberties and cannot be tolerated in a free and civilized society.
       The Legislature by this chapter intends to protect the right of privacy of

20      the people of this state.

21      5.      The Privacy Act specifically prohibits secret recording of telephone

22  conversations:

23      Every person who, intentionally and without the consent of all parties
       to a confidential communication, by means of any electronic

24      amplifying or recording device, eavesdrops upon or records the
       confidential communication, whether the communication is carried on

25      among the parties in the presence of one another or by means of a
       telegraph, telephone, or other device, except a radio, shall be punished

26      by a fine . . . .

27  Cal. Penal Code § 632(a).

28      6.      Defendants have systematically and repeatedly violated the Privacy Act

2

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1 and the common law right to privacy, and in so doing, have breached their duties and
2 acted negligently, by surreptitiously recording telephone conversations with California
3 consumers.

4      7.    Under California law, a telephone conversation is a confidential
5 communication that may not be recorded, regardless of the content of the conversation
6 or the type of telephone involved, unless the recording party first informs all parties to
7 the conversation that it will be recorded. Telephone users have objectively reasonable
8 expectations that their telephone conversations will not be overheard or recorded.
9 Informing all parties to a telephone conversation of the intent to record the conversation
10 permits a party who does not wish to be recorded to hang up or, if the party decides to
11 continue participating in the recorded conversation, to modify their tone or speech to
12 account for the fact that the conversation is being recorded.

13      8.    California Penal Code Section 632 is violated the moment the recording is
14 made without the consent of all parties thereto, regardless of whether it is subsequently
15 disclosed. The only intent required by Penal Code Section 632 is that the act of
16 recording itself be done intentionally. There is no requisite intent on behalf of the party
17 doing the surreptitious recording to break California or any other law, or to invade the
18 privacy rights of any other person.

19      9.    A person who suffers a privacy violation under California Penal Code
20 Section 632 may bring a private action to recover damages. Cal. Penal Code § 637.2.
21 For each such violation, the injured party is entitled to the greater of the following
22 amounts: $5,000 or three times the amount of any actual damages sustained. Cal. Penal
23 Code § 637.2(a). The injured party need not have suffered, or be threatened with, actual
24 damages. Cal. Penal Code § 637.2(c).

25      10.    A plaintiff in such an action may also seek to enjoin further violations of
26 the Privacy Act. Cal. Penal Code § 637.2(b).

27      11.    Plaintiff brings this Complaint on behalf of himself and all other California
28 residents whose telephone conversations were surreptitiously recorded by Defendants

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1  between July 13, 2006 and the present (the "Class Period").

2      12.    Plaintiff and the Class could not, and did not, consent to Defendants'
3  recording of their telephone conversations because Defendants did not warn Plaintiff
4  and the Class that these conversations were being recorded. Plaintiff and the Class, like
5  all members of the public, had objectively reasonable expectations that their telephone
6  conversations were confidential communications that would not be overheard or
7  recorded. Defendants thus violated the statutory rights to privacy of Plaintiff and the
8  Class under the Privacy Act, the common law right to privacy, and acted negligently in
9  so doing.

10     13.    All of the allegations contained in this Complaint are based upon
11  information and belief, except for those pertaining to Plaintiff and his counsel.
12  Plaintiff's information and belief are based upon, among other things, the investigation
13  that Plaintiff and his counsel have conducted to date. The allegations in this Complaint
14  are substantiated by evidentiary support, or are likely to be substantiated by evidentiary
15  support upon further investigation and discovery.

16                                    **PARTIES**

17     14.    Plaintiff is, and at all material times has been, a California citizen residing
18  in Glendale, Los Angeles County, State of California.

19     15.    Defendant Nationwide Credit, Inc. ("NCI") is, and at all material times has
20  been, a corporation organized and existing under the laws of the State of Georgia, with
21  headquarters in Atlanta, Georgia. NCI is operating and conducting business under the
22  laws of the State of California and regularly conducts business throughout the Central
23  District of California, including Los Angeles County, State of California.

24     16.    Defendant Altisource Solutions, Inc. ("Altisource") is, and at all material
25  times has been, a corporation organized and existing under the laws of the State of
26  Delaware, with headquarters in Atlanta, Georgia. Altisource is operating and
27  conducting business under the laws of the State of California and regularly conducts
28  business throughout the Central District of California, including Los Angeles County,

COMPLAINT FOR DAMAGES AND
                                                          INJUNCTIVE RELIEF

1    State of California.

2        17.    The Defendants sued by the fictitious names DOES 1 through 10 are
3    persons or entities whose true names and identities are currently unknown to Plaintiff.
4    Plaintiff will amend this Complaint to allege the true names and capacities of these
5    fictitiously named Defendants when they are ascertained. Each of the fictitiously named
6    Defendants is responsible for the conduct alleged in this Complaint. Through their
7    conduct, the fictitiously named Defendants actually and proximately caused the
8    damages of Plaintiff and the Class.

9        18.    In this Complaint, Defendants NCI, Altisource, and DOES 1 through 10,
10   inclusive, are sometimes referred to individually as "Defendant," and are sometimes
11   referred to collectively as "Defendants," or "the Defendants."

12       19.    NCI describes itself on its website as "one of the largest collection
13   agencies in the nation." (URL: www.ncirm.com/Company.aspx) The relationship
14   between Defendants is also explained on NCI's website: "In 2007, Ocwen Financial
15   Corporation (Ocwen) acquired NCI expanding the Company's customer relationship
16   and receivable management capabilities. In 2009, Ocwen consolidated NCI and other
17   Ocwen® business units into a separate public company, Altisource™." (*Id.*)

18       20.    At all times mentioned herein, each Defendant was acting as the agent
19   and/or employee of each of the remaining Defendants and was at all times acting within
20   the purpose and scope of such agency and employment. In doing the acts alleged
21   herein, each Defendant, and its officers, directors, members, owners, principals, or
22   managing agents (where the defendant is a corporation, limited liability company, or
23   other form of business entity) authorized and/or ratified the conduct of each other
24   Defendant and/or of his/her/its employees.

25                          **JURISDICTION AND VENUE**

26       21.    This Court has original jurisdiction over this action under the Class Action
27   Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which (i) the
28   proposed class consists of more than 100 members; (ii) at least some members of the

1   proposed class are citizens of a state different from any defendant; and (iii) the matter
2   in controversy exceeds $5,000,000, exclusive of interest and costs.

3          22.    Venue is proper in the Central District of California, Western Division,
4   pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events that give rise to
5   the claims herein occurred in this District. In particular, Plaintiff is informed, believes,
6   and thereupon alleges that his telephone conversations with Defendants were recorded
7   by Defendants while he was within this District and Division.

8                          **FACTUAL BACKGROUND**

9          23.    Plaintiff is informed, believes, and thereupon alleges that during the Class
10  Period, Defendants have utilized certain computer hardware and software technology
11  ("Call Recording Technology") to execute a company-wide policy and practice of
12  recording all telephone conversations with consumers.

13         24.    Plaintiff is further informed, believes, and thereupon alleges that
14  Defendants installed and/or utilized Call Recording Technology on all of their
15  consumer-facing telephone lines. Plaintiff is further informed, believes, and thereupon
16  alleges that this Call Recording Technology enabled Defendants to record all of their
17  telephone conversations with consumers, and allowed them to store and listen to these
18  recordings for various purposes.

19         25.    Plaintiff is further informed, believes, and thereupon alleges that
20  Defendants' employees, agents, and representatives were directed, trained, and
21  instructed to, and did, record telephone conversations with consumers.

22         26.    Plaintiff is further informed, believes, and thereupon alleges that
23  Defendants did not provide any verbal warnings or automated, pre-recorded warnings
24  to consumers who participated in a telephone conversation with Defendants that the
25  telephone conversation was recorded. Plaintiff is further informed, believes, and
26  thereupon alleges that, during the Class Period, Defendants did not provide any
27  periodically repeated, audible "beep tone" or other sound throughout the duration of a
28  telephone conversation to warn consumers that the call was recorded.

COMPLAINT FOR DAMAGES AND
                                        INJUNCTIVE RELIEF

27.     In or about August, 2011, Plaintiff received a telephone call from Defendants on his home telephone line. Defendants' employee, agent, or representative asked to speak with another individual by name and Plaintiff responded by advising that no one by that name lived at that address. Defendants' employee, agent, or representative then asked Plaintiff questions regarding his address and identity. Plaintiff, in turn, asked the employee, agent, or representative of Defendants to identify his company, and was advised that the person was calling on behalf of Defendant NCI. Plaintiff then asked whether the call was being recorded. The agent, employee or representative of Defendants admitted that the call was being recorded. Plaintiff advised that he was not comfortable with being recorded and ended the call.

28.     Plaintiff is informed, believes, and thereupon alleges that Defendants recorded this telephone conversation. Defendants failed to verbally warn Plaintiff, at the outset of the telephone conversation, of Defendants' intent to record the conversation. Defendants failed to provide an automated, pre-recorded warning or a periodically repeated beep tone or other sound to warn Plaintiff during the call that the conversation was being recorded. Because Defendants failed to warn Plaintiff at the outset of the telephone conversation that the call was being recorded, Plaintiff was deprived of the ability to either decline to participate in a recorded call or to censor the content of the conversation. Plaintiff did not provide Defendants with consent to record the telephone conversations.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action, on behalf of himself and all others similarly situated, as a class action pursuant to Federal Rule of Civil Procedure 23. This action may be brought and properly maintained as a class action because Plaintiff satisfies the numerosity, adequacy, typicality, and commonality pre-requisites for suing as a representative party pursuant to Rule 23.

30.     **Class Definition**. The proposed, plaintiff Class that Plaintiff seeks to represent is preliminarily composed of and defined as follows:

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

All California residents who participated in one or more telephone conversations with employees, agents, or representatives of Defendants between July 13, 2006 and the present and did not receive a warning that their telephone conversations were recorded.

31.     Excluded from the Class are Defendants named herein; officers and directors of Defendants; members of the immediate family of any Defendant; any judges or justices to whom this action is assigned and their immediate families; and the legal representatives, heirs, successors, or assigns of any such excluded party.

32.     Plaintiff reserves the right to amend or otherwise alter the Class definition presented to the Court at the appropriate time, or propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendants, or otherwise.

33.     **Numerosity and Ascertainability**. The members of the Class are so numerous that joinder of all members is impracticable. Although the precise number of Class members is unknown to Plaintiff at this time, Plaintiff estimates that there are more than 100 and it is likely that there are thousands of putative Class members. Moreover, the precise number of Class members and their addresses may be obtained from a review of Defendants' own records. This information may then be used to contact potential Class members.

34.     **Typicality**. Plaintiff is a member of the Class. His claims are typical of the claims of other members of the Class that he seeks to represent. Plaintiff alleges that Defendants systematically recorded telephonic conversations without warning all parties that these confidential communications were recorded, in violation of the privacy rights of the Plaintiff and the Class under the Privacy Act and common law. The harm that Plaintiff and all other Class members suffered arose from, and was caused by, the same conduct by Defendants. Defendants have acted, or refused to act, on grounds generally applicable to the Class, thereby making injunctive relief and damages pursuant to California Penal Code Section 637.2 and other damages available under common law appropriate with respect to the Class as a whole.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

35.    **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff has retained counsel that is competent and experienced in consumer class action litigation to ensure such protection. Plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the Class. Plaintiff has no interests that are antagonistic to those of the Class. Plaintiff has no interests that are in conflict with those of the Class.

36.    **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for several reasons. First, it is unlikely that putative Class members will pursue individual litigation because, unless notice is sent to each putative Class member whose telephone conversation was recorded, Class members will have no way to know that their privacy rights under the Privacy Act and common law were violated. The very nature of Defendants' surreptitious recording precludes knowledge of these privacy violations. Second, since the harm suffered by each Class member is too small to warrant individual pursuit, especially in light of technical issues regarding Defendants' call recording and retention systems, a class action is the only viable method to obtain damages and other relief from Defendants for its violations of the Privacy Act and common law. Third, class treatment would be superior to adjudicating individual cases due to the much greater expense and burden that individual litigation would impose upon the courts. Fourth, if the Class members sought relief through individual actions, inconsistent or varying adjudications in their individual cases could establish incompatible standards of conduct for the Defendants.

37.    **Predominance of Common Questions of Law and Fact**. There exists a well-defined community of interest in the questions of law and fact involved in this case against Defendants, and in obtaining appropriate relief for Defendants' statutory violations of the Privacy Act and the common law right to privacy. The following questions of law and fact common to the Class predominate over any individualized issues and the answers to those questions are apt to drive the resolution of the litigation:

a.    Whether, during the Class Period, Defendants had a policy and

COMPLAINT FOR DAMAGES AND
                                                              INJUNCTIVE RELIEF

1    practice of recording all telephone conversations with

2    consumers;

3    b.    Whether, during the Class Period, Defendants installed Call

4    Recording Technology to implement their policy of recording all

5    telephone conversations with consumers;

6    c.    Whether, during the Class Period, the Defendants' employees,

7    agents, or representatives were directed, trained, and instructed

8    to, and did, record all of the Defendants' telephone conversations

9    with consumers in order to implement the Defendants' policy

10   and practice of recording all telephone conversations with

11   consumers;

12   d.    Whether, during the Class Period, Defendants' policy and

13   practice of recording all telephone conversations with consumers

14   included a policy and practice of warning Class members,

15   including the Plaintiff, at the outset of each recorded telephone

16   conversation that the telephone conversation was recorded;

17   e.    Whether, during the Class Period, Defendants failed to warn

18   Class members who participated in a telephone conversation

19   with the Defendants that the telephone conversation was

20   recorded;

21   f.    Whether Defendants' recording of Plaintiff's and Class

22   members' telephone conversations without warning during the

23   Class Period constitutes violations of California Penal Code

24   Section 632;

25   g.    Whether Plaintiff and Class members are entitled to recover the

26   greater of statutory damages in the amount of $5,000 for each

27   violation of California Penal Code Section 632 pursuant to

28   Section 637.2(a)(1), or treble damages for each violation of

10

California Penal Code Section 632 pursuant to Section
637.2(a)(2);

h.     Whether Plaintiff and Class members are entitled to injunctive
relief pursuant to California Penal Code Section 637.2(b) to
enjoin or restrain the Defendants from committing further
violations of Penal Code Section 632;

i.     Whether Defendants' recording of Plaintiff's and Class
members' telephone conversations without warning during the
Class Period constitute violations of the common law right of
privacy;

j.     Whether Defendants' recording of Plaintiff's and Class
members' telephone conversations without warning during the
Class Period was negligent;

k.     Whether Plaintiff and Class members suffered harm as a result of
their telephone conversations being recorded without warning
during the Class Period;

l.     Whether Defendants' conduct was a substantial factor in causing
the harm suffered by Plaintiff and Class members;

m.     Whether Plaintiff and Class members are entitled to recover
damages and the measure of damages for each violation of the
common law right of privacy; and

n.     Whether Plaintiff and Class members are entitled to recover
damages and the measure of damages for Defendants' negligent
acts.

38.    The core factual and legal issues are the same for all Class members:
whether the Class member received one or more telephone calls from an employee,
agent, or representative of Defendants during the Class Period; whether, at the outset of
this telephone conversation, Defendants warned the Class member that the telephone

11

1  conversation was recorded; and the measure of damages.

2      39.    Plaintiff is unaware of any difficulties that are likely to be encountered in
3  the management of this action that would preclude its maintenance as a class action.

4      40.    The nature of notice to the proposed Class is contemplated to be by direct
5  mail and/or email upon certification of the Class or, if such notice is not practicable, by
6  the best notice practicable under the circumstance including, *inter alia*, publication in
7  major newspapers and on the internet.

8      41.    The delayed discovery doctrine applies to toll the claims of Class
9  members. Under the delayed discovery doctrine, the time for bringing these claims does
10  not begin to run until a plaintiff discovers or should have discovered the injury. Thus,
11  the limitations period for claims of Class members does not begin to run until
12  Defendants produce to them copies of their recorded telephone conversations or
13  otherwise admit to them to recording their telephone conversations. The very nature of
14  Defendants' surreptitious recording precludes knowledge of these privacy violations.
15  Because the recording was secretive in nature, Class members did not suffer an obvious
16  harm, where all essential facts are either known or knowable at the time the harm was
17  caused, that would enable them to either know or suspect wrongdoing and therefore
18  have sufficient knowledge to investigate and potentially assert claims. In addition to the
19  tolling afforded the Class by the delayed discovery rule, the time period is also tolled
20  by the filing of this putative class action.

### FIRST COUNT

### STATUTORY INVASION OF PRIVACY

### IN VIOLATION OF CALIFORNIA PENAL CODE SECTION 632

24      42.    Plaintiff repeats and realleges and reincorporates herein by this reference
25  all of the foregoing paragraphs, above, as though set forth in full herein.

26      43.    At all material times, California Penal Code Section 632 was in full force
27  and effect and was binding upon Defendants, and existed for the benefit of the Class
28  members, including Plaintiff, all of whom are and/or were protected by the Privacy Act.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

44.    Plaintiff is informed, believes, and thereupon alleges that Defendants installed and/or caused to be installed Call Recording Technology on the telephone lines of all employees, agents, or representatives of Defendants who made or received consumer-facing telephone calls during the Class Period.

45.    Plaintiff is further informed, believes, and thereupon alleges that Defendants maintained and utilized this Call Recording Technology with the intent to record each and every telephone conversation with consumers, and carry out Defendants' policy of recording each and every telephone conversation with consumers, during the Class Period.

46.    Plaintiff is further informed, believes, and thereupon alleges that Defendants further directed, trained, and instructed their employees, agents, or representatives to record all telephone conversations with consumers in order to carry out this policy and practice during the Class Period.

47.    Plaintiff is further informed, believes, and thereupon alleges that Defendants' policy and practice of recording all telephone conversations with consumers failed to include a policy and practice that its employees, agents, or representatives warn Class members, including Plaintiff, who participated in telephone calls with Defendants during the Class Period, at the outset of each call that the telephone conversation was being recorded by Defendants.

48.    Plaintiff is further informed, believes, and thereupon alleges that Defendants failed to warn the Class members, including the Plaintiff, at the outset of each and every telephone conversation initiated or received by Defendants during the Class Period that the conversation was recorded.

49.    Defendants violated California Penal Code Section 632 by recording telephone conversations with Class members, including Plaintiff, during the Class Period, without the consent of all parties to these conversations.

50.    California Penal Code Section 637.2 is a manifestation of the California Legislature's determination that the privacy invasion arising from the non-consensual

13

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1  recording of a confidential communication constitutes an affront to human dignity that
2  warrants a minimum of $5,000 in statutory damages per violation, even in the absence
3  of proof of actual damages, or treble damages, whichever amount is greater, as well as
4  injunctive relief enjoining further violations. Defendants' surreptitious recordings of the
5  confidential communications of Plaintiff and the Class caused injury to Plaintiff and the
6  Class in the form of an affront to their human dignity, and damages in amounts to be
7  determined at the time of trial.

8      51.    Based upon the foregoing, the Class members, including the Plaintiff, are
9  entitled to, and below do pray for, damages for each of Defendants' violations of
10 California Penal Code Section 632 and for injunctive relief, as provided under Penal
11 Code Section 637.2.

12                                    **SECOND COUNT**
13                      **COMMON LAW INVASION OF PRIVACY**

14     52.    Plaintiff realleges and reincorporates herein by this reference all of the
15 foregoing paragraphs, above, as though set forth in full herein.

16     53.    Plaintiff and Class members are guaranteed by the California Constitution
17 and common law a right of privacy and a right to protection from unreasonable
18 intrusion into their private affairs.

19     54.    Plaintiff and Class members had objectively reasonable expectations that
20 their telephone conversations with Defendants were private communications that were
21 not being overheard or recorded.

22     55.    Plaintiff is informed, believes, and thereupon alleges that Defendants
23 intended to record Plaintiff's and Class members' telephone conversations by means of
24 Call Recording Technology, thereby intruding upon the private affairs of Plaintiff and
25 Class members.

26     56.    This intrusion into Plaintiff's and Class members' right to privacy was
27 outrageous and highly offensive to Plaintiff and Class members, and is highly offensive
28 to a reasonable person.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1    57.    As a direct result of the aforementioned conduct, Plaintiff and Class
2  members were harmed and suffered damages in an amount to be determined at the time
3  of trial.

4    58.    At all times herein alleged, Defendants acted willfully, wantonly, with
5  oppression, fraud and/or malice, and with a conscious disregard of the rights of Plaintiff
6  and Class members, such that Plaintiff requests that the trier of fact, in the exercise of
7  sound discretion, award Plaintiff and Class members additional damages for the sake of
8  example and in a sufficient amount to punish Defendants for their conduct.

9                                **THIRD COUNT**
10                        **DEFENDANTS' NEGLIGENCE**

11    59.    Plaintiff realleges and reincorporates herein by this reference all of the
12  foregoing paragraphs, above, as though set forth in full herein.

13    60.    Defendants had various statutory, Constitutional, and common law duties
14  not to engage in the secret recording of telephone conversations of Plaintiff and Class
15  members, without warning, such that Plaintiff's and Class members' rights to privacy
16  were invaded and breached by Defendants' secret recording of their telephone
17  conversations.

18    61.    Defendants negligently and recklessly engaged in the afore-described
19  secret recording of telephone conversations of Plaintiff and Class members.

20    62.    These activities by Defendants, as afore-described in this Complaint,
21  legally caused actual damages to the Plaintiff and Class members.

22    63.    As a result of Defendants' secret recording activities, as described in this
23  Complaint, Plaintiff and Class members suffered an affront to their dignity, serious
24  emotional distress, inconvenience, anxiety, and upset. As a result of such injuries,
25  Plaintiff has suffered general damages according to proof.

26    64.    Based on the foregoing, Plaintiff and Class members suffered economic
27  damages as a result of the Defendants' conduct. Plaintiff and Class members are
28  entitled to, and do herein pray for, their damages, according to proof at trial.

                              COMPLAINT FOR DAMAGES AND
                                   INJUNCTIVE RELIEF

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, hereby prays that the Court determine that this action may be maintained as a class action and further prays that the Court enter judgment in his favor and against the Defendants, as follows:

1.      For the greater of statutory damages pursuant to California Penal Code Section 637.2(a)(1) in the amount of $5,000 per violation of Penal Code Section 632, or treble damages pursuant to California Penal Code Section 637.2(a)(2) per violation of Penal Code Section 632;

2.      For entry of a preliminary and permanent injunction pursuant to California Penal Code Section 637.2(b) prohibiting the Defendants from continuing to violate Penal Code Section 632;

3.      Economic damages;

4.      Non-economic damages;

5.      Punitive and exemplary damages on the second cause of action only; and

6.      For such other and further relief as the Court may deem just and proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

16

1  | DATED: May 18, 2012

Respectfully submitted,

KIESEL BOUCHER LARSON LLP

By: _____
   PAUL R. KIESEL
   SHEHNAZ M. BHUJWALA

Scott C. Borison, *Pro Hac Vice Pending*
   borison@legglaw.com
LEGG LAW FIRM, LLC
5500 Buckeystown Pike
Frederick, MD 21703
Tel: 301-620-1016; Fax:310-620-1018

Craig S. Borison, State Bar No. 248387
   *craig@borisonlaw.com*
2029 Century Park East, Suite 1400
Los Angeles, CA 90067
Tel: (818) 256-5449; Fax: (818) 698-8214

Attorneys for Plaintiff SHANT H.
MARDIROSIAN, on behalf of himself and
all others similarly situated

17

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and the Class of all others similarly situated, demands a trial by jury as to all issues so triable.

DATED: May 18, 2012            Respectfully submitted,

KIESEL BOUCHER LARSON LLP

By: _____
PAUL R. KIESEL
SHEHNAZ M. BHUJWALA

Scott C. Borison, *Pro Hac Vice Pending*
    borison@legglaw.com
LEGG LAW FIRM, LLC
5500 Buckeystown Pike
Frederick, MD 21703
Tel: 301-620-1016; Fax:310-620-1018

Craig S. Borison, State Bar No. 248387
    *craig@borisonlaw.com*
2029 Century Park East, Suite 1400
Los Angeles, CA 90067
Tel: (818) 256-5449; Fax: (818) 698-8214

Attorneys for Plaintiff SHANT H.
MARDIROSIAN, on behalf of himself and
all others similarly situated

18                          COMPLAINT FOR DAMAGES AND
                                  INJUNCTIVE RELIEF

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV12- 4342 GHK (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Paul R. Kiesel (SBN 119854)
kiesel@kbla.com
KIESEL BOUCHER LARSON LLP
8648 Wilshire Boulevard, Beverly Hills, CA 90211
Tel.: (310) 854-4444 / Fax: (310) 854-0812

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

SHANT H. MARDIROSIAN, on behalf of himself
and all others similarly situated,

PLAINTIFF(S)

v.

NATIONWIDE CREDIT, INC., A Georgia
Corporation; ALTISOURCE SOLUTIONS, INC., a
Delaware Corporation; and DOES 1-10, inclusive,

DEFENDANT(S).

CASE NUMBER

CV 12-4342-GHK (EX)

**SUMMONS**

TO:   DEFENDANT(S): NATIONWIDE CREDIT, INC., A Georgia Corporation; ALTISOURCE SOLUTIONS,
              INC., A Delaware Corporation; and DOES 1-10, inclusive

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer
or motion must be served on the plaintiff's attorney, _Paul R. Kiesel, Esq._____, whose address is
_Kiesel, Boucher & Larson, LLP, 8648 Wilshire Boulevard, Beverly Hills, CA 90211_. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint. You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: __5-18-12__

By: __Rhonda marshall__
        Deputy Clerk

        *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed
60 days by Rule 12(a)(3)].*