```
 1  Layne H. Melzer (State Bar No. 132292)
    lmelzer@rutan.com
 2  Karen E. Walter (State Bar No. 186934)
    kwalter@rutan.com
 3  Gerard M. Mooney (State Bar No. 222137)
    gmooney@rutan.com
 4  RUTAN & TUCKER, LLP
    611 Anton Boulevard, Suite 1400
 5  Costa Mesa, California 92626-1931
    Telephone:  714-641-5100
 6  Facsimile:  714-546-9035

 7  Attorneys for Defendant
    NATIONWIDE CREDIT, INC.
 8
```

9         UNITED STATES DISTRICT COURT

10     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 11  SHANT H. MARDIROSIAN, on behalf of himself and all others similarly situated, | Case No. CV 12-4342 (GHK) (Ex) |
| 12 | CLASS ACTION |
| 13         Plaintiff, | |
| 14    vs. | [~~PROPOSED~~] PROTECTIVE ORDER |
| 15  NATIONWIDE CREDIT, INC., A Georgia Corporation; ALTISOURCE SOLUTIONS, INC., A Delaware Corporation, | DISCOVERY MATTER |
| 16 | Magistrate Judge Charles F. Eick |
| 17         Defendants. | Trial Date:  None |
| 18 | |

The parties in the above-captioned matter, Defendant Nationwide Credit, Inc. ("NCI") and Plaintiff Shant H. Mardirosian ("Plaintiff") have submitted a Stipulated Protective Order for consideration by the Court (attached hereto as Exhibit "A" and incorporated by reference), accompanied by a declaration of counsel explaining the reasons supporting entry of the requested Protective Order.

Pursuant to Local Rule 52-4.1, the pertinent elements requested in the Stipulated Protective Order are as follows:

1. The parties shall have the opportunity to designate certain discovery materials "confidential," as defined in the Stipulated Protective Order;

2. The dissemination of materials designated "confidential" will be limited to the purposes and persons listed in the Stipulated Protective Order;

3. Any party wishing to file materials designated "confidential" will need to comply with Local Rule 79-5;

4. The inadvertent production of privileged or confidential materials will not create a waiver; and

5. Upon the resolution of this litigation, the parties will follow agreed-upon procedures to return or destroy protected material.

Good cause appearing, the Court hereby approves the attached Stipulated Protective Order (Exhibit "A") and incorporates it herein as an Order of the Court.

IT IS SO ORDERED.

DATED: JUNE 27, 2013

_____
The Honorable Magistrate Judge
Charles F. Eick, United States District Court

Eric D. Houser (SBN 130079)
Robert W. Norman, Jr. (SBN 232470)
HOUSER & ALLISON, APC
3780 Kilroy Airport Way, Suite 130
Long Beach, CA 90806
Telephone: (562) 256-1675
Facsimile: (562) 256-1685
E-mail: rnorman@houser-law.com

Attorneys for Defendants,
NATIONWIDE CREDIT, INC. and ALTISOURCE SOLUTIONS, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SHANT H. MARDIROSIAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>NATIONWIDE CREDIT, INC., A Georgia Corporation; ALTISOURCE SOLUTIONS, INC., A Delaware Corporation; and DOES 1-10, inclusive<br><br>Defendants. | Case No.: CV12-04342 GHK (Ex)<br>CLASS ACTION<br><br>DISCOVERY MATTER<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br>Trial Date: None |

1  Plaintiffs Shant H. Mardirosian, defendant Nationwide Credit, Inc., and
2  defendant Altisource Solutions, Inc. (collectively "Parties" and/or individually a
3  "Party") by and through their respective counsel of record in the above-captioned
4  action, hereby STIPULATE AND AGREE, and accordingly request, that the Court
5  enter the following order:

6  **1. PURPOSES AND LIMITATIONS**

7  Disclosure and discovery activity in this action may involve the production
8  of confidential, proprietary, or private information for which special protection
9  from public disclosure and from use for any purpose other than prosecuting this
10 litigation would be warranted. Accordingly, the Parties hereby stipulate to and
11 petition the Court to enter the following Stipulated Protective Order. The Parties
12 acknowledge that this Order does not confer blanket protections on all disclosures
13 or responses to discovery and that the protection it affords extends only to the
14 limited information or items that are entitled under the applicable legal principles
15 to confidential treatment. The Parties also acknowledge that this Order creates no
16 entitlement to file confidential information or items under seal, as set forth in
17 Section 10 below, and agree to follow the procedures outlined in Local Rule 79-5,
18 including the requirement that "a written application and a proposed order shall be
19 presented to the judge along with the document submitted for filing under seal."
20 (Local Rule 79-5.1.)

21 **2. DEFINITIONS**

22 2.1 <u>Party</u>: Any Party to this action, including all of its officers, directors,
23 employees, consultants, retained experts, and outside counsel, and their support
24 staff, which may collectively be referred to as "Parties," as appropriate.

25 2.2 <u>Disclosure or Discovery Material</u>: Any items or information,
26 regardless of the medium or manner generated, stored, or maintained (including,
27 among other things, testimony, transcripts, documents, or tangible things) that are

28

1  produced, provided, or generated in disclosures or responses to discovery in this
2  matter.
3      2.3    "Confidential" Information or Items: Any information (regardless of
4  how generated, stored, or maintained) or tangible things that qualify for protection
5  under standards developed under Federal Rule of Civil Procedure 26(c). Counsel
6  shall not designate any Disclosure or Discovery Material as "CONFIDENTIAL"
7  without first making a good faith determination that such protection is warranted.
8      2.4    Receiving Party: A Party that receives Disclosure or Discovery
9  Material from a Producing Party in this action.
10     2.5    Producing Party: A Party or non-party that produces Disclosure or
11 Discovery Material in this action.
12     2.6    Designating Party: A Party or non-party that designates information
13 or items that it produces in disclosures or in responses to discovery as
14 "CONFIDENTIAL."
15     2.7    Protected Material: Any Disclosure or Discovery Material that is
16 nonpublic and has been designated as "CONFIDENTIAL," including, but not
17 limited to, (1) proprietary technical information and specifications; (2) trade
18 secrets; (3) confidential knowhow; (4) nonpublic or proprietary business and
19 financial information; (5) social security numbers, personal financial information,
20 tax returns, driver's license numbers, and other personal or private information;
21 and (6) any other information the disclosure of which is likely to have the effect of
22 causing substantial harm to the competitive position of the entity or person from
23 which the information is obtained or of a third-party not a party to this Action. The
24 Parties will use reasonable care to avoid designating as "Protected Material" any
25 Disclosure or Discovery Material that is in the public domain or does not fall into
26 categories 1 through 6 of this subparagraph.
27
28

2.8 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.9 <u>Outside Counsel</u>: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 <u>House Counsel</u>: Attorneys who are employees of a Party.

2.11 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof, plus pretrial testimony, conversations, or presentations by Parties or counsel to, or in, court or in other settings that might reveal Protected Material. The Parties shall meet and confer regarding the procedures for use of Protected Material at trial and shall move the Court for entry of an appropriate order regarding such use if and as necessary.

4. **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees

1 otherwise in writing or a court order otherwise directs. This Court shall have
2 jurisdiction to enforce the terms of this Order for a period of six months after final
3 termination of the Action.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or non-party that designates Disclosure or Discovery Materials for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for any improper purpose (*e.g.*, to unnecessarily encumber or slow the case development process, or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) and section 5.2(b), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order should be clearly so designated before the material is disclosed or produced.

1     Designation in conformity with this Order requires:

2     (a) <u>for information in documentary form</u> (apart from transcripts of
3 depositions or other pretrial or trial proceedings), that the Producing Party affix the
4 legend "CONFIDENTIAL" at the bottom of each page that contains Protected
5 Material. If only a portion or portions of the material on a page qualifies for
6 protection, the Producing Party also must clearly identify the protected portion(s)
7 (*e.g.*, by making appropriate markings in the margins).

8     A Party or non-party that makes original documents available for inspection
9 need not designate them for protection until after the inspecting Party has indicated
10 which documents it would like copied and produced. During the inspection and
11 before the designation, all of the Discovery Material made available for inspection
12 shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the
13 documents it wants copied and produced, the Producing Party must determine
14 which documents, or portions thereof, qualify for protection under this Order.
15 Then, before producing the specified documents, the Producing Party must affix
16 the term "CONFIDENTIAL" at the bottom of each page that contains Protected
17 Material. If only a portion or portions of the material on a page qualifies for
18 protection, the Producing Party also must clearly identify the protected portion(s)
19 (*e.g.*, by making appropriate markings in the margins).

20     (b) <u>for testimony given in deposition or in other pretrial</u>
21 <u>proceedings</u>, a Designating Party may identify on the record, before the close of
22 the deposition, hearing, or other proceeding, all protected testimony, or when it is
23 impractical to specify limited portions entitled to protection, may simply invoke
24 the right to subsequently designate appropriate sections of the testimony as
25 "CONFIDENTIAL." Following the deposition, hearing, or other pretrial
26 proceeding at which testimony is given, the Designating Party shall have 30 days
27 after the transcript becomes available within which to identify the specific portions

28

1 of the testimony as to which protection is sought. Only those portions of the
2 testimony that are appropriately designated for protection within the 30 days shall
3 be covered by the provisions of this Order. Prior to the expiration of the 30 day
4 period, the entire transcript shall be treated as "CONFIDENTIAL."

5     Transcript pages containing Protected Material need not be separately bound
6 by the court reporter but each such page must be clearly marked with the legend
7 "CONFIDENTIAL" as instructed by the Party or nonparty offering or sponsoring
8 the witness or presenting the testimony.

9     (c) <u>for information produced in a form other than documentary,
10 and for any other tangible items</u>, that the Producing Party affix in a prominent
11 place on the exterior of the container or containers in which the information or
12 item is stored, and/or on a label affixed or tied to the item, if possible, the legend
13 "CONFIDENTIAL." If only portions of the information or item warrant
14 protection, the Producing Party, to the extent practicable, shall identify the
15 protected portions, specifying whether they qualify as "CONFIDENTIAL."

16     5.3   <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent
17 failure to designate qualified information or items as "CONFIDENTIAL" does not,
18 standing alone, waive the Designating Party's right to secure protection under this
19 Order for such material. If a Disclosure or Discovery Material is appropriately
20 designated "CONFIDENTIAL" after the material was initially produced, the
21 Receiving Party, on timely notification of the designation, must make reasonable
22 efforts to assure that the material is treated in accordance with the provisions of
23 this Order.

24 **6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

25     6.1   <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating
26 Party's confidentiality designation is necessary to avoid foreseeable substantial
27 unfairness, unnecessary economic burdens, or a later significant disruption or delay
28

1  of the litigation, a Party does not waive its right to challenge a confidentiality
2  designation by electing not to mount a challenge promptly after the original
3  designation is disclosed.

4      6.2   <u>Meet and Confer.</u>  A Party that elects to initiate a challenge to a
5  Designating Party's confidentiality designation must do so in good faith and must
6  begin the process by conferring directly with counsel for the Designating Party in
7  voice to voice dialogue; other forms of communication are not sufficient.  In
8  conferring, the challenging Party must explain the basis for its belief that the
9  confidentiality designation was not proper and must give the Designating Party a
10  reasonable opportunity to review the designated material, to reconsider the
11  circumstances, and, if no change in designation is offered, to explain the basis for
12  the chosen designation.  A challenging Party may proceed to the next stage of the
13  challenge process only if it has engaged in this meet and confer process first.

14      6.3   <u>Judicial Intervention.</u>  A Party that elects to press a challenge to a
15  confidentiality designation after considering the justification offered by the
16  Designating Party must comply with Federal Rule of Civil Procedure 37 and the
17  Central District's Local Rule 37-1 through 37-4.  Before relief is sought with the
18  Court, counsel must confer in conjunction with Central District Local Rule 37-1 in
19  an attempt to resolve the dispute.  If, after conducting a conference, the Parties are
20  unable to reach resolution on the confidentiality designation, the Parties must
21  prepare a joint stipulation in conformity with Central District Local Rules 37-2.,
22  37-2.1, and 37-2.2 for submission to the Court, outlining the issues in dispute and
23  the arguments of each Party.  After the joint stipulation is filed, the parties may file
24  a supplemental memorandum of law in conformity with Central District Local
25  Rule 37-2.3.  Any noticed motion filed after the joint stipulation must be in
26  conformity with Central District Local Rule 37-3.  The burden of persuasion in any
27  such motion shall be on the Designating Party.
28

1 Until the Court rules on the challenge, all Parties shall continue to afford the
2 material in question the level of protection to which it is entitled under the
3 Designating Party's designation.

4 **7. ACCESS TO AND USE OF PROTECTED MATERIAL**

5 7.1 <u>Basic Principles.</u> A Receiving Party may use Protected Material that
6 is disclosed or produced by another Party or by a non-party in connection with this
7 case only for the purposes of prosecuting, defending, or attempting to settle this
8 litigation. Such Protected Material may be disclosed only to the categories of
9 persons and under the conditions described in this Order. When the litigation has
10 been terminated, a Receiving Party must comply with the provisions of section 11,
11 below (FINAL DISPOSITION).

12 Protected Material must be stored and maintained by a Receiving Party at a
13 location and in a secure manner that ensures that access is limited to the persons
14 authorized under this Order.

15 7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless
16 otherwise ordered by the court or permitted in writing by the Designating Party, a
17 Receiving Party may disclose any information or item designated
18 CONFIDENTIAL only to:

19 (a) the Receiving Party's Counsel of record in this action, as well
20 as employees and/or staff of said Counsel to whom it is reasonably necessary to
21 disclose the information;

22 (b) the officers, directors, and employees (including House
23 Counsel) of the Receiving Party to whom disclosure is reasonably necessary for
24 this litigation;

25 (c) actual or potential insurers and indemnitors and/or their counsel
26 to whom disclosure is reasonably necessary;

27
28

  (d) Experts to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  (e) the Court and its personnel;

  (f) court reporters, and their staffs to whom disclosure is reasonably necessary;

  (g) Professional Vendors to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  (h) during their depositions, witnesses in the action to whom disclosure is reasonably necessary;

  (i) the actual or identified author of the document or the actual or identified original source of the information, or witnesses who have already received a copy of the Protected Material from the author of the document or the original source of the information, as well as any actual or identified recipient.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order that would compel disclosure of any Disclosure or Discovery Materials designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party and/or its Counsel, in writing (by fax and/or email, if possible), immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the entity, agency, or person who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to protection under this Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective

Order promptly to the entity, agency, or person that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective Order and to afford the Designating Party an opportunity to try to protect its confidentiality interests in the court, agency, or tribunal from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. Unless the Designating Party seeks appropriate protection and serves timely notice of the same to the Receiving Party prior to the production date specified in the subpoena or order, the Receiving Party may, in its own discretion, comply with the subpoena or order.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons return the Protected Material and/or to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the

public record any Protected Material. Instead, the Receiving Party shall file a redacted version of the document containing Protected Material and mandatory chambers copies of unredacted documents shall be submitted in an appropriate envelope as set forth in Local Rule 79-5. The burden is then on the Designating Party to comply with Local Rule 79-5 of the Central District of California and this Court's published procedures by filing an application and proposed order to seal with the Court.

## 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party and all others bound by the "Acknowledgment and Agreement to be Bound" must to the extent reasonably practicable destroy or return to the Producing Party (at the Designating Party's election) all Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline verifying that all Protected Material was returned or destroyed and affirming that the Receiving Party, to the extent reasonably practicable, has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, transcripts (including deposition transcripts and exhibits thereto), legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order, as set forth in Section 4 (DURATION), above.

## 12. INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS

If information subject to a claim of attorney-client privilege, attorney work-product, or any other ground on which production of such information should not be made to any Party is nevertheless inadvertently produced to a Party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to, any claim of privilege, work product, or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made with respect to information then in the custody of another Party, such Party shall promptly cease any review of such information or document, return the information to the claiming Party or person, and the Receiving Party shall not use such information for any purpose other than in connection with a motion to compel (which shall be filed under seal).

The Party returning such material may then move the Court for an Order compelling production of the material, which shall be filed under seal, and said motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

## 13. RIGHT TO FURTHER RELIEF

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future or to seek relief in any manner not inconsistent with or otherwise foreclosed by this Order.

## 14. RIGHT TO ASSERT OBJECTIONS

By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground. Similarly, no Party waives any right to object on any ground to the proposed introduction into evidence of any of the Protected Material covered by this Order.

## 15. MODIFICATION

This Order is subject to further court orders based upon public policy and other considerations. The Court may modify this Order *suasponte* in the interest of justice.

**IT IS SO STIPULATED.**

Dated: April    , 2013

HOUSER & ALLISON, APC

_____
Eric D. Houser
Robert W. Norman, Jr.
Attorney for Defendants,
NATIONWIDE CREDIT, INC., A Georgia Corporation; ALTISOURCE SOLUTIONS, INC., A Delaware Corporation

Dated: April    , 2013

KIESEL BOUCHER LARSON LLP

_____
Paul R. Kiesel
Thomas H. Peters

Attorneys for Plaintiff
Shant H. Mardirosian, on behalf of himself
And all other similarly situated.